FILED
United States Court of Appeals
Tenth Circuit

June 14, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL LAWRENCE,

    Plaintiff - Appellant,

v.

MERRICK GARLAND, Attorney General
of the United States; STEVEN
DETTELBACH, Director of the Bureau of
Alcohol, Tobacco, Firearms and
Explosives; PHIL WEISER, Attorney
General of the State of Colorado,

    Defendants - Appellees.

No. 24-1039
(D.C. No. 1:23-CV-02199-DDD-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In 2010 Michael Lawrence was convicted of three nonviolent felonies in

Colorado state court: attempting to influence a public servant, forging an instrument

that affects a legal right, and offering a false instrument for recording. In 2023

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Lawrence attempted to purchase a gun at a sporting goods store in Colorado; but, after learning of his felony convictions, the store declined to sell him the gun.

Mr. Lawrence then filed suit against United States Attorney General Merrick Garland; the Director of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, Steven Dettelbach; and Colorado Attorney General Phil Weiser. He asserted that 18 U.S.C. § 922(g)(1) and Colo. Rev. Stat. § 18-12-108 are unconstitutional under the Second Amendment and the Supreme Court's decision in *NY State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), as applied to persons like him whose felony convictions were for nonviolent offenses. As relief, he sought a declaration to that effect, an injunction prohibiting the defendants from enforcing the two statutes against him, and attorney fees. He later filed a motion for a preliminary injunction.

The federal defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Mr. Lawrence's constitutional challenges were foreclosed by *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023), which held that *Bruen* did not abrogate *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), where this court upheld § 922(g)(1)'s constitutionality under the Second Amendment. The Colorado Attorney General separately moved to dismiss on the ground that the Eleventh Amendment prohibited the federal-court suit against him when he was not charged with the enforcement of the Colorado law at issue. The district court granted both motions to dismiss, and denied Mr. Lawrence's motion for a preliminary injunction. Mr. Lawrence timely appealed, but his briefs on appeal challenge only the

Page **2**

dismissal of the federal defendants and only the ruling with respect to § 922(g)(1). He has waived any challenge to the other rulings by the district court. *See Cisneros v. Aragon*, 485 F.3d 1226, 1233 (10th Cir. 2007) (challenge waived when opening brief on appeal contains no substantive arguments supporting the challenge).

We review de novo an order granting a motion to dismiss for failure to state a claim, accepting "a complaint's well-pleaded allegations as true, viewing all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings." *Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024) (internal quotation marks omitted). We review the denial of a preliminary injunction for abuse of discretion, examining the district court's legal conclusions de novo and its factual findings for clear error. *See Citizens United v. Gessler*, 773 F.3d 200, 209 (10th Cir. 2014).

We affirm the challenged dismissal by the district court. Mr. Lawrence acknowledges that the very arguments he makes in this case were rejected by this Court in *Vincent*. The thrust of his brief on appeal amounts to no more than that *Vincent* was wrongly decided. But this panel is bound by our circuit's precedent. *See United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014).

We **AFFIRM** the judgment of the district court. We **DENY** as moot

Mr. Lawrence's motion to expedite this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge